UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BRENT FIELDS, CDCR #V-46240,<br><br>        Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM, Governor et al.,<br><br>        Defendants. | Case No.: 25-cv-1057-RSH-MSB<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g); (2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a); AND (3) DENYING MISCELLANEOUS MOTIONS AS MOOT**<br><br>**[ECF Nos. 2, 3, 4]** |

Plaintiff Marcus Brent Fields, who is proceeding without counsel and is currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Plaintiff appears to claim the Governor of the State of California, high-ranking officials at the California Department of Corrections and Rehabilitation ("CDCR"), and dozens of prison officials at five separate CDCR facilities throughout the State have engaged in a wide-ranging conspiracy to discriminate, retaliate, and silence him for filing past grievances and lawsuits related to his housing, medical and dental care, and exposure to

COVID-19 and AIDS. *See generally id.* at 3–22. Fields did not pay the full civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed suit; instead he filed a motion requesting, among other things, to proceed in forma pauperis ("IFP"), to appoint counsel, to exceed page limitations, to appoint a special master, and to disqualify the State Attorney General based on a conflict of interest. *See* ECF Nos. 2, 3, 4. For the reasons explained, the Court **DENIES** Plaintiff's motions and **DISMISSES** the case.

## I.  MOTION TO PROCEED IFP

### A.  Legal Standard

When someone files a lawsuit (other than a writ of habeas corpus) in a federal district court, the filer must pay a statutory fee of $350. *See* 28 U.S.C. § 1914(a).[1] Absent fee payment, the action may proceed only if the filer seeks and the court grants him leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

"To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing suit *in forma pauperis* (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)); *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022). "A negative consequence that may impact a

---

[1]  The court charges an additional $55 administrative fee, but "[t]his fee does not apply to … persons granted *in forma pauperis* status under 28 U.S.C. § 1915." 28 U.S.C. § 1914 (Jud. Conf. Schedule of Fees, Dist. Ct. Misc. Fee Schedule § 14 (eff. Dec. 1, 2023); *see also* S.D. Cal. CivLR 4.5.a.

prisoner who files [] frivolous complaint[s] is a restriction on his ability to file future cases without prepaying filing fees." *Harris v. Mangum*, 863 F.3d 1133, 1139 (9th Cir. 2017).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25. "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019); *see also Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) ("[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason.") (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). Once a prisoner accumulates three strikes, however, § 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

B.     **Analysis**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances, as this Court's dockets show, that Plaintiff is no longer eligible to proceed IFP because while incarcerated, he has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of the docket records in Plaintiff's

prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). The following records sufficiently show that Plaintiff has five qualifying strikes:

  (1) *Fields v. Newsom*, No. 22-CV-0044-LL-MDD, 2022 WL 1541868, at *5 (S.D. Cal. May 16, 2022) (Order dismissing civil action without leave to amend for failing to state a claim upon which § 1983 relief can be granted and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)) (ECF No. 18) (strike one);

  (2) *Fields v. Newsom*, No. 22-55519, 2022 WL 18430440, at *1 (9th Cir. Nov. 17, 2022) (Order dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)) (9th Cir. Nov. 17, 2022) (Dkt. No. 30) (strike two);

  (3) *Fields v. Bouria*, No. 22-CV-01656 JLS (MSB), 2022 WL 17085928, at *3 (S.D. Cal. Nov. 18, 2022) (Order dismissing civil action without leave to amend for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)) (ECF No. 14) (strike three);

  (4) *Fields v. Bouria*, No. 22-56171, 2023 WL 3940124, at *1 (9th Cir. May 18, 2023) (Order dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)) (Dkt. No. 17) (strike four); and

  (5) *Fields v. Lynch*, No. 23-CV-02488-CKD, 2024 WL 3675722, at *2 (E.D. Cal. Aug. 5, 2024) (Order and Findings and Recommendations ["F&Rs"] to dismiss first amended complaint without leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915A) (ECF No. 18), *report and recommendation adopted sub nom. Fields v. Macomber*, No. 2:23-CV-02488-DAD-CKD (PC), 2024 WL 4819363 (E.D. Cal. Nov. 18, 2024) (Order adopting F&Rs and dismissing first amended complaint without leave to amend) (ECF No. 23) (strike five).[2]

---

[2] Based on this litigation history, Plaintiff has previously been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in this Court, as well as in the Eastern and Central Districts of California. *See, e.g., Fields v. Macomber,* No. 3:23-CV-02107-CAB-BLM, 2023 WL 8790274, at *3 (S.D. Cal. Dec. 19, 2023); *Fields v. Samadani*, No. 1:24-CV-01019-SKO, 2024 WL 4093766, at *3 (E.D. Cal. Aug. 29, 2024) (ECF No. 9), *report and recommendation adopted*, No. 1:24-CV-01019-KES-SKO, 2025 WL 28276 (E.D. Cal. Jan.

4

25-cv-1057-RSH-MSB

  Because Plaintiff accumulated these prior qualifying dismissals while incarcerated, he may not proceed IFP unless he meets § 1915(g)'s "imminent danger" exception. To do so, his pleading must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting U.S.C. § 1915(g)). Imminent danger requires a claimed harm that is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056. The alleged danger must also "stem[] from the violations of law alleged in [the] complaint." *Ray*, 31 F.4th at 701. Thus, § 1915(g)'s exception "functions as a limited safety valve," *id.*, but it "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021).

  Plaintiff's Complaint fails to include any allegations of imminent physical danger whatsoever. Instead, Plaintiff claims State and prison officials at five separate CDCR facilities have engaged in widespread acts of retaliation, conspiracy, and sabotage to "use[] th[eir] political power and influence to try to silence [him] … for years in the making." *See* Compl. at 3. These types of purely conclusory allegations do not plausibly suggest that Plaintiff faced any serious threat of physical harm that existed at the time of filing. Consequently, Plaintiff does not qualify for a § 1915(g) exception and may not proceed IFP in this case. *See Cervantes*, 493 F.3d at 1055; *Ray*, 31 F.4th at 701; *Byrd v. Dir. of Corr.*, No. 3:15-cv-2339-GPC-KSC, 2016 WL 773229, at *2 (S.D. Cal. Feb. 29, 2016) (finding prisoner's allegations of having been denied access to court and discriminated against based on race and religion insufficient to invoke § 1915(g)'s imminent danger exception); *K'napp v. Beard*, 2014 WL 584404, at *2 (E.D. Cal. Feb. 12, 2014) (finding conclusory allegations of "retaliation, harassment, indifference, discrimination, oppression

---

3, 2025) (ECF No. 21); and *Fields v. Samadani, et al.*, No. 2:24-cv-07021-JWH-SHK (C.D. Cal. Jan. 22, 2024) (Order denying IFP as barred by 28 U.S.C. § 1915(g)) (ECF No. 5 at 1-2); *id.* (C.D. Cal. March 21, 2024) (Order of dismissal) (ECF No. 8).

and abuse" insufficient to qualify as "imminent danger" under § 1915(g)).

## II. CONCLUSION

For the reasons explained, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2] as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action *sua sponte* without prejudice for failing to prepay the $405 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **DENIES** Plaintiff's Motions to appoint counsel, to appoint a special master, to file excessive pages, and to exclude the Attorney General of California based on a conflict of interest [ECF Nos. 2, 3, 4] as moot;

(4) **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(5) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: August 6, 2025

Hon. Robert S. Huie
United States District Judge